STATE OF NORTH CAROLINA v. SCOTT J. GRAHAM

No. 201PA83

(Filed 3 November 1983)

1. **Criminal Law § 138— mitigating circumstance of acknowledgment of wrongdoing at early stage of criminal process—clarifying term "criminal process"**

   For purposes of the mitigating circumstance listed under G.S. 15A-1340.4(a)(2)l, the "criminal process" begins upon either the issuance of a warrant or information, or upon return of a true bill of indictment or presentment, or upon arrest, whichever comes first. Therefore, where defendant confessed to the law enforcement officers who were transporting him to the patrol station immediately after his arrest, and further aided them in retrieving the stolen articles, defendant voluntarily acknowledged his wrongdoing in an early stage of the criminal process and was entitled to the benefit of the statutory mitigating circumstance listed in G.S. 15A-1340.4(a). The defendant's motive in acknowledging his guilt at an early stage does not go to the existence of the mitigating factor, but goes to the weight the trial judge must give that factor. G.S. 15A-1340.3.

2. **Criminal Law § 138— aggravating factor of prior criminal convictions— methods by which prior convictions may be shown**

   The enumerated methods of proof of G.S. 15A-1340.4(e) dealing with the aggravating factor that defendant had a prior criminal conviction punishable by more than 60 days' imprisonment, are permissive rather than mandatory.

3. **Burglary and Unlawful Breakings § 8— breaking and entering—sentence—no abuse of discretion**

   A trial judge did not abuse his discretion in sentencing defendant to a 20-year sentence for the breaking into four unoccupied vacation cottages over a two-day period. G.S. 14-54, G.S. 15A-1340.4(f), and G.S. 14-1.1(a)(8).

ON the State's failure to perfect its appeal of right from a judgment of the Court of Appeals, 61 N.C. App. 271, 300 S.E. 2d 716 (1983) (*Vaughn, C.J.* dissenting), the State filed its petition for writ of certiorari asking for review of the Court of Appeals' decision to vacate and remand the judgment of *Winberry, J.,* entered 25 January 1982 in Superior Court, DARE County. We allowed certiorari on 3 May 1983.

The charges against the defendant arose out of four break-ins of unoccupied vacation cottages that occurred on 30 and 31 October 1981. The police investigation included two interviews with the defendant. On both occasions, defendant denied any knowledge of the break-ins. However, after some of the stolen property was found at the defendant's brother-in-law's house, defendant

was read his Miranda rights and placed under arrest. While being transported to the police station, defendant confessed his guilt to all four break-ins and informed the police where more of the stolen items were located. According to Deputy Eck, defendant stated that he confessed because "it might help him."

The defendant pled guilty to four charges of felonious breaking and entering pursuant to an agreement with the district attorney that the State would not prosecute the defendant for second degree burglary in those cases.

In sentencing the defendant the trial judge, Winberry, J., found one aggravating factor—that the defendant had prior convictions punishable by more than sixty days' imprisonment. Deputy Eck had testified for the State, over the defendant's objection, as to what he had been told was the defendant's record. No certified copy of the defendant's criminal record was ever introduced into evidence.

The trial judge further determined that no mitigating factors listed in N.C. Gen. Stat. § 15A-1340.4(a) were proved by a preponderance of the evidence. Thereupon he concluded that the factors in aggravation outweighed the factors in mitigation and sentenced defendant to four consecutive five year sentences for the four break-ins. The Court of Appeals vacated the defendant's sentences and remanded to the trial court for proper sentencing, based upon their finding that the trial court failed to find a factor in mitigation which was clearly established by the evidence.

*Rufus L. Edmisten, Attorney General, by Associate Attorney K. Michele Allison, for the State-appellant.*

*Adam Stein, Appellate Defender, and Assistant Appellate Defender James H. Gold, for defendant-appellee.*

COPELAND, Justice.

[1] The State assigns as error the Court of Appeals' holding that the defendant's voluntary acknowledgment of his wrongdoing at an early stage of the criminal process entitled defendant to the benefit of that statutory mitigating circumstance and thus to a new sentencing hearing. We agree with the Court of Appeals' holding, but feel we must clarify the term "the criminal process" and its time of commencement.

The evidence clearly revealed that the defendant, when first questioned prior to his arrest, denied any involvement in the break-ins. But immediately after his arrest defendant confessed to the law enforcement officers who were transporting him to the patrol station, and further aided them in retrieving the stolen articles.

Under N.C. Gen. Stat. § 15A-1340.4(a), when the preponderance of the evidence shows factors in mitigation, the trial judge must consider those factors which relate to the purpose of sentencing. Specifically, § 15A-1340.4(a)(2)(l) lists as a mitigating factor that:

Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.

As the Court of Appeals noted in its opinion, this statute provides a criminal defendant with two opportunities to mitigate his sentence; to-wit, either prior to arrest or at an early stage of the criminal process. That court further concluded that the fact that a defendant denied wrongdoing prior to his arrest should not preclude the trial judge from considering also whether the defendant voluntarily acknowledged wrongdoing "at an early stage of the criminal process." Therefore, the main issue in this case turns upon an interpretation of the term "the criminal process" and its time of commencement.

The State contends that "the criminal process" begins when the officials of the law initiate their investigation of a criminal act. In other words, the State argues that a criminal investigation, subsequent to the commission of a crime, is the first part in a series of actions or functions which produces the result of apprehension, prosecution and conviction of a criminal.

We note that the legal meaning of the term "process" varies according to the context, subject matter and spirit of the statute in which it occurs. We share the Court of Appeals' view that, for purposes of N.C. Gen. Stat. § 15A-1340.4(a)(2)l, "the legislature contemplated that 'the criminal process' involves formal legal proceedings and not merely investigation of crimes by law enforcement officers." We further construe that statute to mean that "the criminal process" begins upon either the issuance of a war-

rant or information, or upon the return of a true bill of indictment or presentment, or upon arrest, whichever comes first.

Webster's Third New International Dictionary defines "process," as used in the legal sense, as "a summons, mandate, or writ that serves as the means used to bring a defendant into court to answer in a judicial action or in a suit in litigation." When used as a verb, "process" means "to prosecute or proceed against by law." Both Ballentine's Law Dictionary, 3d ed. and Black's Law Dictionary, 5th ed. agree with the Webster's definition. They further add that "criminal process" is that "which issues to compel a person to answer for a crime or misdemeanor."

These definitions are consistent with the Legislature's use of the term in the Speedy Trial Act, where it is stated that the trial of a criminal defendant shall begin, "within 120 days from the date the defendant is . . . served with criminal process . . ." N.C. Gen. Stat. § 15A-701. There the Legislature has chosen to begin the time running upon *service* of criminal process rather than when the criminal process begins. We conclude that the Legislature intended that under § 15A-1340.4(a)(2)(l) criminal process begins with the issuance of a formal written charge against a defendant. We hold that if defendant's confession was made prior to the issuance of a warrant or information, or upon the return of a true bill of indictment or presentment, or prior to arrest, whichever comes first, he is entitled to a finding of this statutory, mitigating circumstance.

The State cites our case of *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), in support of its next contention that the defendant must show remorse for his actions in order for his acknowledgment of wrongdoing, whenever made, to be considered as a mitigating factor. A law enforcement officer, present during the defendant's confession, testified that the defendant told the officers of his guilt and revealed the location of the remaining stolen articles because, according to the defendant, "it might help him." The State contends that this statement plainly discloses not only defendant's lack of remorse for his crimes, but also his primary motive to lessen his liability; therefore, this acknowledgment of wrongdoing fails to qualify for consideration as a mitigating factor. We disagree. The defendant's motive in acknowledging his guilt at an early stage does not go to the ex-

istence of this mitigating factor, but goes to the weight the trial judge must give that factor.

Although a trial judge may be required, under the circumstances set forth above, to find in mitigation that a defendant voluntarily acknowledged wrongdoing in connection with the offense, the *weight* to be given to that factor remains within his sound discretion. *Id.; State v. Melton,* 307 N.C. 370, 298 S.E. 2d 673 (1983); *State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658 (1982). In *Ahearn* we stated that the defendant's plea of guilty had "no bearing on the policy behind this factor in mitigation, i.e. that defendant *showed remorse for his actions."* 307 N.C. at 608, 300 S.E. 2d at 704 (emphasis added). A confession may or may not be motivated by this same underlying policy.

On one end of the spectrum, a confession may be more than a simple admission of guilt, but rather an admission of culpability, responsibility, and remorse. As such, this factor becomes one of the most important and persuasive factors in mitigation of a defendant's sentence: embodied in the confession is the essence of the Fair Sentencing Act—a focus on the offender's individual culpability, his character and attitudes, and on the very real possibility of rehabilitation. On the other end of the spectrum the confession may be a simple admission of guilt, later challenged by motion to suppress as being the product of coercion, etc., or given for purposes of serving the defendant's own self-interests. Under these circumstances the factor, as we interpret it, becomes almost meaningless in terms of its mitigating value.

This policy that the defendant show remorse for his actions is consistent with the purposes of the Fair Sentencing Act. N.C. Gen. Stat. § 15A-1340.3. Whether the confession reflects remorse is a matter for the fact finder to determine. The Legislature anticipated the need for a trial judge's reasoning and discretion when confronted with a defendant's confession, since the possibility exists that a defendant may be motivated by a desire for lenient treatment rather than remorse for wrongdoing. *State v. Wood,* 61 N.C. App. 446, 452, 300 S.E. 2d 903, 907 (1983). On resentencing the sentencing judge will determine whether defendant's confession came "during an early stage of the criminal process." If he so finds, he will then consider the weight to be given to this mitigating factor.

The defendant claims that the sentencing judge's failure to find other enumerated mitigating factors entitled him to a new sentencing hearing. The defendant, in his brief to the Court of Appeals, argued that the trial court erred in failing to find that the following mitigating factors listed in N.C. Gen. Stat. § 15A-1340.4 were proven by a preponderance of the evidence:

    d. The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense.

    e. The defendant's immaturity or his limited mental capacity at the time of commission of the offense significantly reduced his culpability for the offense.

    f. The defendant has made substantial or full restitution to the victim.

Upon the evidence presented in the record before us, it is our opinion that the trial judge could properly find insufficient evidence to support these mitigating factors. The Fair Sentencing Act did not remove all discretion from our trial judges. It is necessary that trial judges be permitted great latitude in ascertaining the true existence of aggravating and mitigating circumstances. *Ahearn* at 596. We find no error as to the trial court's findings in mitigation, with regard to these factors contained in this issue.

**[2]** Defendant next contends that the trial court improperly found as an aggravating factor that he had prior criminal convictions punishable by more than sixty days' imprisonment, since the State failed to introduce a certified copy of his record.

The relevant statute, N.C. Gen. Stat. § 15A-1340.4(e), provides:

    e. A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein. . . . A defendant may make a motion to suppress evidence of a prior conviction pursuant to Article 53 of this Chapter.

In the present case, instead of providing the court with an original or certified copy of the conviction record, the State had a deputy, who had been informed by the law enforcement authorities in North Carolina and New York, advise the court as to the defendant's conviction record. Defendant objected to this method of proof, stating that N.C. Gen. Stat. § 15A-1340.4(e) mandates proof of a prior conviction by *either* stipulation of the parties or by the original or certified copy of the court record of the prior conviction.

We disagree that these are the exclusive methods by which prior convictions may be shown. As we emphasized in *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), this Court and the Court of Appeals have repeatedly held that the enumerated methods of proof of N.C. Gen. Stat. § 15A-1340.4(e) are permissive rather than mandatory. *See State v. Brooks*, 61 N.C. App. 572, 301 S.E. 2d 421 (1983); *State v. Massey*, 59 N.C. App. 704, 298 S.E. 2d 63 (1982). *Accord State v. McDougall*, 308 N.C. 1, 301 S.E. 2d 308 (1983) (reaching the same result under N.C. Gen. Stat. § 15A-2000(e)(3)). We recognize that the more appropriate way to show the "prior conviction" aggravating circumstance would be to offer authenticated court records, for such records establish a prima facie case. However, the legislature did not intend to bind the State and the trial court by precluding other means of proof. Clearly the conviction could have been proven by the deputy's testimony as to his own personal knowledge or by defendant's admission. While here the deputy's testimony was hearsay, the record indicates that the defendant took the stand and admitted the prior convictions. Not only do we find that the defendant's testimony before the court constituted an acceptable form of proof of his prior convictions, but his admissions also cured any defect caused by the hearing of the deputy's testimony.

[3] Defendant's final assignment of error questions the imposition of a twenty-year sentence for the breaking into four unoccupied vacation cottages over a two-day period. He argues that this sentence is unjustifiably disparate and constituted an abuse of discretion by the sentencing judge. We reject this contention.

Felonious breaking or entering is a Class H felony which carries a presumptive sentence of three years' imprisonment. N.C. Gen. Stat. §§ 14-54 and 15A-1340.4(f). The trial court, upon finding

the aggravating factors outweighed the mitigating, sentenced the defendant to five years for each of the four counts, which is well within the maximum sentence provided for this offense. N.C. Gen. Stat. § 14-1.1(a)(8).

The Fair Sentencing Act provides sentencing judges with the discretion to impose a sentence greater or lesser than the presumptive term, based upon their finding of factors in aggravation or mitigation. The weighing of these is a matter within their sound discretion. If there is sufficient evidence to support these findings and no evidence of abuse of discretion, then this Court will not disturb the trial judge's decision. *Melton*, 307 N.C. 370; *Davis*, 58 N.C. App. at 330.

The decision of the Court of Appeals is affirmed except as herein modified and the case is remanded to the Court of Appeals for further remand to the Superior Court, Dare County, for resentencing in accordance with this opinion.

Modified and affirmed.