STATE OF NORTH CAROLINA v. BARRY LANE CARTER

No. 325A86

(Filed 4 November 1986)

1. **Criminal Law § 138.28— severity of sentence—prior convictions as aggravating factor—proof of prior conviction sufficient**

    A detective's own recollections constituted acceptable evidence of defendant's prior conviction for delivering a malt beverage to a minor, and the trial court could therefore properly consider defendant's prior conviction as an aggravating factor.

2. **Criminal Law § 138.14— second degree murder—premeditation and deliberation—mental illnesses—aggravating and mitigating factors not mutually exclusive**

    There was no merit to defendant's contention that the trial court's determination that defendant suffered from a mental condition, had a limited mental capacity at the time of the crime, and suffered from an explosive personality disorder was patently inconsistent with its determination that the crime was

premeditated and deliberate, since there was evidence that defendant knew of his wife's sexual relationship with the victim and vociferously expressed his objections; he and the victim had two separate altercations in the weeks prior to the shooting; defendant had threatened the victim's life in no uncertain terms; on the night of the killing defendant armed himself before going to the victim's trailer; defendant shot the victim three times, twice in the back as the victim tried to escape, then beat the victim so savagely with the gun that it broke apart in his hands; there was no evidence of shooting at close range during a struggle; and defendant later told police that his intention upon entering the trailer had been to shoot the victim. Furthermore, mental illnesses not rising to the level of legal insanity do not negate premeditation and deliberation in homicide cases, and defendant made no attempt to show that his particular mental disturbance fell within the definition of legal insanity.

**3. Criminal Law § 138.14— seven mitigating factors outweighed by two aggravating factors—no abuse of discretion**

The trial court in a second degree murder case did not abuse his discretion in determining that two aggravating factors—a prior conviction and premeditation and deliberation—outweighed seven mitigating factors, including a mental disturbance, strong provocation, and good character and reputation, among others.

APPEAL by defendant from judgment of *Davis, J.*, filed at the 27 January 1986 Session of Superior Court, ROWAN County, imposing a life sentence pursuant to defendant's plea of guilty to murder in the second degree. Heard in the Supreme Court 13 October 1986.

*Lacy H. Thornburg, Attorney General, by John H. Watters, Assistant Attorney General, for the state.*

*Weinhold, Bridges & McCanless, P.A., by Donald L. Weinhold, Jr. and R. William McCanless, for the defendant.*

MARTIN, Justice.

Defendant appeals from the judgment entered against him upon his plea of guilty to murder in the second degree in the shooting death of Tony Martin Faggart. We find no error in his sentencing hearing.

At the hearing, the state's evidence tended to show that defendant and his wife were separated and that both had established sexual relationships with others. Defendant was aware that his wife had begun dating the victim and became distraught over her perceived infidelity. Defendant confronted the victim twice in the three weeks preceding the shooting, and on one of those occa-

sions he threatened the victim's life. On 3 August 1985, defendant's wife informed him that she would be spending the day with the victim. Sometime after 10:00 that evening, defendant called to see if his wife had returned home. Upon learning that she had not, he armed himself with a pistol and drove to the victim's trailer. Defendant's wife and the victim were lounging in the victim's bedroom, where they had just engaged in sexual intercourse. Defendant entered the trailer, walked into the bedroom, and opened fire. He shot the victim once in the head and, as the victim fled down the hallway, shot him twice in the back. While the victim clung to life, defendant used the gun to beat him about the head and face. The victim died soon thereafter of massive internal bleeding. Defendant told the police that he had entered the trailer intending to shoot the victim.

Defendant's evidence may be fairly summarized as follows: Defendant suffered from an explosive personality disorder and as a result had lost control of his reason at the time of the shooting. He had hoped for a reconciliation with his wife and had in fact begun cohabitating with her again in the days preceding the crime. His wife promised to break off her relationship with the victim and had gone on the 3 August date for that purpose. When she was late returning home, defendant went to the victim's trailer to find her. He carried a weapon as protection because the victim was known to keep guns in the trailer. From outside the window he heard his wife and the victim having sex and walked in to discover them naked in the bedroom. The victim jumped up and grabbed defendant, tearing his shirt. After a brief struggle, defendant fired the first shot. Defendant beat the victim after shooting him again because the victim was grabbing and pulling at him. Defendant never intended to kill the victim but acted only on impulse.

The trial judge found two aggravating factors: that defendant had a prior conviction for a criminal offense punishable by more than sixty days' confinement and that the crime was premeditated and deliberate. The judge also found seven mitigating factors: that defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense; that defendant's limited mental capacity at the time of the commission of the offense significantly reduced his culpability for the offense; that defendant acted under

State v. Carter

strong provocation; that prior to arrest defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer; that at an early stage of the criminal process defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer; that defendant had been a person of good character or has had a good reputation in the community in which he lives; and that defendant was suffering from an undiagnosed explosive personality disorder. The judge then determined that the factors in aggravation outweighed those in mitigation and sentenced defendant to life imprisonment, a term exceeding the presumptive sentence of fifteen years. Defendant raises three issues concerning his sentencing for our consideration.

[1] In his first assignment of error defendant contends that the trial judge improperly considered as an aggravating factor his prior conviction for delivery of a malt beverage to a minor. N.C.G.S. § 18B-302 (Cum. Supp. 1985). Evidence establishing the conviction consisted solely of the following testimony by Detective C. L. Hardy at the sentencing hearing:

Q. Has the defendant, Barry Carter, a prior record of convictions?

A. Yes.

Q. What has he previously been convicted of?

A. Delivering a malt beverage to a minor.

Q. In what year was that conviction?

A. I'm not sure right off-hand. I believe it was 1980 or 1981.

Q. Was that in Rowan County?

A. Yes, sir.

Defendant claims that this evidence was insufficient to support a finding of the aggravating factor. This contention is meritless.

Defendant made no objection whatsoever to the introduction of the evidence, nor does his brief present any argument invoking the plain error rule with respect to the challenged testimony. N.C.G.S. § 15A-1340.4(a) provides that prior convictions may be

proved by stipulation of the parties or by a copy of the court record, but it does not purport to limit the methods of proof to these alone. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). Recognizing that the statute's enumerated methods of proof are permissive rather than mandatory, this Court has held that a prior conviction may be proven by a law enforcement officer's testimony as to his personal knowledge of the conviction. *See State v. Graham*, 309 N.C. 587, 308 S.E. 2d 311 (1983). Thus, Detective Hardy's own recollections constituted acceptable evidence of defendant's conviction, sufficient to allow consideration of the aggravating factor.

[2] Defendant next assigns as error the trial court's finding that the crime was premeditated and deliberate. The thrust of defendant's argument seems to be that the court's determination that defendant suffered from a mental condition, had a limited mental capacity at the time of the crime, and suffered from an explosive personality disorder is patently inconsistent with its determination that the crime was premeditated and deliberate. In order to accept the expert witness's diagnosis of explosive personality disorder, the trial judge necessarily had to accept the expert's testimony that defendant's actions during the crime were purely impulsive, reactive, and unpremeditated. Therefore, defendant reasons, a finding of premeditation is unsupported by the evidence. We disagree.

We note at the outset that a court may properly find premeditation and deliberation to be an aggravating factor when sentencing a defendant who pleads guilty to murder in the second degree. Such a finding is appropriate so long as it is supported by a preponderance of the evidence. *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983). Proof of premeditation and deliberation generally consists of circumstantial rather than direct evidence. Threats against the victim by the defendant, previous ill will between the victim and the defendant, the nature and number of the victim's wounds, and the brutality of the killing are some of the circumstances supporting an inference of premeditation and deliberation. *State v. Brown*, 315 N.C. 40, 337 S.E. 2d 808 (1985).

The trial judge heard an array of substantial, credible evidence in each of these categories. Defendant knew of his wife's relationship with the victim and vociferously expressed his objec-

tions. He and the victim had two separate altercations in the weeks prior to the shooting, and defendant had threatened the victim's life in no uncertain terms. On the night of the killing defendant armed himself before going to the victim's trailer. Defendant shot the victim three times—twice in the back as the victim tried to escape—then beat the victim so savagely with the gun that it broke apart in his hands. No soot or stippling appeared around the wounds such as would characterize a shooting at close range during a struggle. Defendant later told police that his intention upon entering the trailer had been to shoot the victim.

Further, we find unpersuasive defendant's assertion that the existence of a mental disorder excludes the possibility of premeditated and deliberate acts. This Court has consistently rejected such notions. Mental illnesses not rising to the level of legal insanity do not negate premeditation and deliberation in homicide cases. *State v. Anderson*, 303 N.C. 185, 278 S.E. 2d 238 (1981). Defendant makes no attempt to show that his particular mental disturbance falls within the definition of legal insanity. Consequently, we hold that the judge's findings of aggravating and mitigating factors were fully reconcilable both with the evidence and with one another.

[3] In his final assignment of error, defendant takes issue with the trial judge's imposition of a sentence in excess of the presumptive term. While defendant concedes that the balancing of aggravating and mitigating factors is a matter within the sound discretion of the judge, he alleges that the judge abused that discretion by weighing the factors unreasonably. Specifically, defendant points out that only two aggravating factors were found as compared to seven mitigating factors. We would direct defendant's attention to a discussion of this very issue in *State v. Melton*, 307 N.C. at 380, 298 S.E. 2d at 680:

> The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. The court may very properly emphasize one factor more than another in a particular case.

The balance struck by the trial judge will not be disturbed if there is support in the record for his determination.

*See also State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982).

As we have already observed, the judge properly found the aggravating factors of prior conviction and premeditation and deliberation. We discern neither defiance of logic nor abuse of discretion in according these factors greater weight, particularly in light of the evidence supporting the finding of premeditation and deliberation. That evidence depicted a vicious and unrelenting attack, planned in a pique of jealousy and executed as a means of revenge. The judge acted well within the bounds of reason in determining that the aggravating factors outweighed the mitigating factors.

Having held defendant's contentions to be wholly devoid of merit, we conclude that his sentence was fairly determined and should stand undisturbed.

No error.