STATE OF NORTH CAROLINA v. PRATHER STRICKLAND

No. 36A86

(Filed 6 January 1987)

1. **Rape and Allied Offenses § 5— physical force in addition to fear—sufficient evidence of rape**

The State's evidence was sufficient to show that defendant used physical force as well as the victim's fear and fright to have vaginal intercourse with the victim so as to support defendant's conviction of second degree rape under N.C.G.S. § 14-27.3(a)(1) where it tended to show that, after defendant learned the victim was not feeling well, he broke the latch off her screen door, forced his way into her home, grabbed her from behind and put his hand over her mouth, pulled her into a bedroom by her arm, pushed her onto the bed, and had sexual intercourse with her without her consent.

2. **Burglary and Unlawful Breakings § 6— instructions—use of word "basically"**

The trial court did not err in instructing the jury that it should return a verdict of guilty of felonious breaking or entering if it found beyond a reasonable doubt that defendant opened a closed screen door and "basically" went into the victim's home without her consent and with the intent to commit second degree rape.

3. **Criminal Law § 138.28— prior convictions—proof by detective's recollections**

The trial court could properly find as a factor in aggravation that defendant had prior convictions punishable by more than sixty days' confinement based upon a detective's recollections of those convictions.

4. **Constitutional Law § 48— sentencing—right to effective assistance of counsel**

Sentencing is a critical stage of a criminal proceeding to which the right to effective assistance of counsel applies.

**5. Constitutional Law § 48— sentencing—effective assistance of counsel not denied**

Defendant was not denied the effective assistance of counsel at his sentencing hearing where an objection to a detective's testimony concerning defendant's prior convictions would have been ineffective; trial counsel acted affirmatively to protect defendant's rights twice during the brief hearing by objecting to testimony and making a motion for appropriate relief; defendant has not brought forward any evidence of factors in mitigation that he contends should have been presented; and the record does not indicate that trial counsel's minimal remarks were other than part of his litigation strategy during the sentencing phase of the trial.

Justice WEBB dissenting.

APPEAL by defendant from a judgment of life imprisonment by *Johnson, J.,* filed at the 12 August 1985 session of Superior Court, ROBESON County. Heard in the Supreme Court 8 December 1986.

*Lacy H. Thornburg, Attorney General, by Thomas H. Davis, Jr., Assistant Attorney General, for the state.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Geoffrey C. Mangum, Assistant Appellate Defender, for the defendant.*

MARTIN, Justice.

Upon indictments proper in form defendant was convicted of burglary in the first degree and rape in the second degree. The state's evidence shows that defendant and the victim were neighbors, that they had known each other for about nine years, and that prior to the rape they had never had sexual intercourse with one another. On the evening of 23 April 1985, instead of going to a party with her daughter, the prosecuting witness stayed at home because she was sick. Sometime after dark defendant came to the victim's house, stood outside of the locked screen door, and asked her if he could come inside. The victim, who had been getting ready to go to bed, told defendant to leave her alone, that she was sick, and that she didn't want him there. She got up and tried to close the wooden door which adjoined the screen door, but defendant "broke the latch off the screen door and pushed the wooden door open. Then he grabbed me from behind and put his hand over my mouth . . . ." Defendant dragged the victim into her daughter's bedroom and forced her to submit to vaginal intercourse against her will.

At trial defendant did not testify although he presented witnesses whose testimony tended to support a defense based on alibi.

[1] Defendant's first assignment of error is that the trial court erroneously denied his motion to dismiss at the close of all the evidence. As Chief Justice Branch stated for the Court in *State v. Brown*:

> It is well settled that upon a motion to dismiss in a criminal action, all the evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any contradictions or discrepancies in the evidence are for resolution by the jury. *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977). The trial judge must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 78, 265 S.E. 2d 164, 169 (1980).

310 N.C. 563, 566, 313 S.E. 2d 585, 587 (1984).

In the instant case defendant contends that the state failed to present substantial evidence of force to sustain his conviction of rape in the second degree under N.C.G.S. § 14-27.3(a)(1), which provides:

§ 14-27.3. *Second-degree rape.*

(a) A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:

(1) By force and against the will of the other person;
. . .

Defendant argues that the state's evidence showed nothing more than that the victim had a mere "general fear" of the defendant, which, under *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984), would be insufficient to establish that the defendant used force within the meaning of N.C.G.S. § 14-27.3(a)(1). We find no merit in this argument.

The force necessary to sustain a conviction of rape under N.C.G.S. § 14-27.3(a)(1) need not be actual physical force, but may be constructive force such as fear, fright, or coercion. *E.g., State v. Yancey*, 291 N.C. 656, 231 S.E. 2d 637 (1977); *State v. Armstrong*, 287 N.C. 60, 212 S.E. 2d 894 (1975), *vacated in part*, 428 U.S. 902, 49 L.Ed. 2d 1206 (1976); *State v. Hines*, 286 N.C. 377, 211 S.E. 2d 201 (1975); *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225 (1969). In *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470, though holding that "[e]vidence of physical resistance is not necessary to prove lack of consent in a rape case in this jurisdiction" and that the victim's testimony "provided substantial evidence that the act of sexual intercourse was against her will," this Court stated that although the victim's

> general fear of the defendant may have been justified by his conduct on prior occasions, absent evidence that the defendant used force or threats to overcome the will of the victim *to resist the sexual intercourse alleged to have been rape,* such general fear was not sufficient to show that the defendant used the force required to support a conviction of rape.

310 N.C. at 408-09, 312 S.E. 2d at 475-76. This "general fear" theory is applicable only to fact situations similar to those in *Alston. But see generally* Estrich, *Rape*, 95 Yale L.J. 1087, 1105-1112 (1986) (discussing force as an element of rape and criticizing the analysis applied in *Alston*). Defendant's reliance upon *Alston* is inappropriate.

In the instant case, not only had the victim and defendant had no prior sexual relationship, but the state submitted substantial evidence that defendant used both actual physical force and constructive force against the victim during the course of the offense. The victim testified that after defendant learned she was not feeling well, he refused to leave her premises, broke the latch off her screen door, forced his way into her home, and "grabbed [her] from behind and put his hand over [her] mouth." The victim also testified as follows:

Q. And he pulled you into the bedroom?

A. He pulled me into the bedroom by my arm.

Q. Did you scream or holler?

A. I couldn't, I was scared of what would happen.

. . . .

Q. How did you get on the bed?

A. He pushed me on the bed.

Q. Did you fight with him, at the time?

A. I couldn't fight with him.

Q. Did he have a hold of you at that time?

A. Yes, sir.

Q. What happened when he pushed you onto the bed?

A. He pulled my panties off and had sex with me.

. . . .

Q. Did he have power over you the entire time?

A. Yes, sir.

The investigating officer who interviewed the victim also testified that the victim stated to him the day after the rape that defendant had "put his hand on her mouth and dragged her into the bedroom and had sex with her."

We hold that the evidence is sufficient to show that defendant used physical force as well as the victim's fear and fright to commit the crime. *See, e.g., State v. Yancey,* 291 N.C. 656, 231 S.E. 2d 637 ("force" used when defendant put his hand over the victim's mouth, took off her pants, and had vaginal intercourse with her; victim testified that she was afraid for her life during the assault); *State v. Armstrong,* 287 N.C. 60, 212 S.E. 2d 894 (similar). Considering the evidence in the light most favorable to the state, it is clear that upon learning she was sick, ignoring her demand that he leave her alone, and breaking through a locked door to enter her home, defendant used force to make the victim submit to vaginal intercourse. We reject defendant's assignment of error.

[2] Defendant next assigns as error the trial judge's statement during his charge to the jury that "if you find from the evidence beyond a reasonable doubt that on or about April 23, 1985, Prather Strickland opened a closed screen door and basically went

into [the victim's home] without her consent, intending at that time to commit second degree rape, it would be your duty to return a verdict of guilty of felonious breaking or entering." Although during trial defendant did not object to this charge to the jury, and in fact answered "no" when asked by the court if there were "any requests for correction to the charge," defendant now contends on appeal that the court's use of the word "basically" in the portion of the charge just quoted amounted to plain error. *See, e.g., State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984) (plain error for trial court to have submitted to the jury a theory of kidnapping not alleged in the indictment).

Defendant correctly concedes that because of his failure to object to the court's charge during trial, he has waived his right to appellate review of this assignment of error. N.C.R. App. P. 10(b)(2). Only in those instances where upon a review of the entire record an alleged error is so fundamental, so basic, so prejudicial, so lacking in its elements that justice cannot have been done, and the alleged error amounts to a denial of a fundamental right of the accused or to a miscarriage of justice, will an assignment of error which defendant has already waived be considered by the appellate courts. *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) (enunciating plain error rule). Upon the record in this case, the charge by the trial court does not reveal error, much less plain error. Defendant's assignment of error is meritless.

[3] Defendant's third contention on appeal is that the trial court erred during sentencing in finding as a factor in aggravation that defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days' confinement. N.C.G.S. § 15A-1340.4(a)(1)(o) (1983). Defendant contends that the following testimony of Detective Oxendine constituted all of the evidence of this aggravating factor, and that this evidence was insufficient as a matter of law to support a finding under N.C.G.S. § 15A-1340.4(a)(1)(o):

Q. Are you aware of the record the defendant has?

A. I have seen a copy, yes.

Q. Are you aware of the convictions he has for counterfitting [sic]?

A. Yes, sir.

Q. I believe he received an active sentence on that?

A. Yes, sir.

Q. I believe he also has a conviction of armed robbery?

A. Yes, sir.

Q. Did he receive an active sentence on that?

A. Yes, sir.

Q. I believe he has other driving offenses, is that right?

A. Yes, sir.

MR. TOWNSEND: That's all Judge.

Defendant entered no objection to this testimony at trial. We find that this assignment of error is governed by *State v. Carter*, 318 N.C. 487, 349 S.E. 2d 580 (1986), in which we stated:

In his first assignment of error defendant contends that the trial judge improperly considered as an aggravating factor his prior conviction for delivery of a malt beverage to a minor. N.C.G.S. § 18B-302 (Cum. Supp. 1985). Evidence establishing the conviction consisted solely of the following testimony of Detective C. L. Hardy at the sentencing hearing:

Q. Has the defendant, Barry Carter, a prior record of convictions?

A. Yes.

Q. What has he previously been convicted of?

A. Delivering a malt beverage to a minor.

Q. In what year was that conviction?

A. I'm not sure right off-hand. I believe it was 1980 or 1981.

Q. Was that in Rowan County?

A. Yes, sir.

Defendant claims that this evidence was insufficient to support a finding of the aggravating factor. This contention is meritless.

Defendant made no objection whatsoever to the introduction of the evidence, nor does his brief present any argument invoking the plain error rule with respect to the challenged testimony. N.C.G.S. § 15A-1340.4(a) provides that prior convictions may be proved by stipulation of the parties or by a copy of the court record, but it does not purport to limit the methods of proof to these alone. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). Recognizing that the statute's enumerated methods of proof are permissive rather than mandatory, this Court has held that a prior conviction may be proven by a law enforcement officer's testimony as to his personal knowledge of the conviction. *See State v. Graham*, 309 N.C. 587, 308 S.E. 2d 311 (1983). Thus, Detective Hardy's own recollections constituted acceptable evidence of defendant's conviction, sufficient to allow consideration of the aggravating factor.

*Id.* at 490-91, 349 S.E. 2d at 581-82. We reject defendant's assignment of error.

**[4]** Finally, defendant contends that he was denied effective assistance of counsel because at his sentencing hearing his attorney offered no evidence in mitigation, "failed to make any remarks at all . . . [and failed] to oppose the state's showing in aggravation." We begin by noting that the sentencing hearing was so brief that it required only two double-spaced typewritten pages of transcription. Secondly, defendant inaccurately contends that his attorney was entirely silent during the hearing, as he did object to the state's questioning of Detective Oxendine concerning a "similar offense" in which defendant was involved. In addition, after the trial court announced defendant's sentence, defendant's attorney orally made a motion for appropriate relief and gave notice of appeal in open court.

We agree with the Court of Appeals that "sentencing is a critical stage of a criminal proceeding to which the right to effective assistance of counsel applies." *State v. Davidson*, 77 N.C. App. 540, 544, 335 S.E. 2d 518, 521, *disc. rev. denied*, 314 N.C. 670, 337 S.E. 2d 583 (1985). In *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E. 2d 241, 248 (1985), this Court held that:

When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's con-

duct fell below an objective standard of reasonableness. *Strickland v. Washington,* *[466]* U.S. *[668]*, 80 L.Ed. 2d 674, 693 (1984). In order to meet this burden defendant must satisfy a two part test.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's error was so serious as to deprive the defendant of a fair trial, *a trial whose result is reliable.* (Emphasis added.)

*Id.* at *[687]*, 80 L.Ed. 2d at 693.

This Court went on to state that "if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." 312 N.C. at 563, 324 S.E. 2d at 249.

[5] As suggested earlier, defendant's attorney did not err in failing to argue that Detective Oxendine's testimony was insufficient to support a finding in aggravation under N.C.G.S. § 15A-1340.4(a)(1)(o). Nor, contrary to what defendant asserts in his brief to this Court, was defendant's attorney utterly silent during the sentencing hearing. Trial counsel affirmatively acted to protect defendant's rights twice during the brief hearing. We also reject defendant's argument that silence is tantamount to a negative comment by counsel. In addition, defendant has not brought forward any evidence of factors in mitigation that he contends should have been presented during the sentencing hearing. His arguments that during the sentencing hearing trial counsel could have highlighted the "positive" aspects of defendant's offense and urged the trial judge to impose presumptive sentences concurrently do not convince us that there exists a reasonable probability that had such remarks been made different sentences would have been imposed. *State v. Braswell,* 312 N.C. at 563, 324 S.E. 2d at 249. The record does not indicate that trial counsel's minimal remarks were other than part of his litigation strategy during the

sentencing phase of trial. We find no prejudice to defendant under these facts and thus find no merit in this assignment of error. *See generally State v. Taylor*, 79 N.C. App. 635, 339 S.E. 2d 859, *disc. rev. denied*, 317 N.C. 340, 346 S.E. 2d 146 (1986) (and cases cited therein).

For reasons set forth above, we find

No error.

Justice WEBB dissenting.

I dissent. I would concur if the majority were willing to overrule *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984) but if *Alston* is precedent I do not believe the defendant may be convicted of rape in this case. In *Alston* the evidence showed that on previous occasions the defendant had beaten the prosecuting witness and that she was afraid of him. On the occasion in question he forced the victim to accompany him by twisting her arm and threatening to "fix her face." This Court held there was not sufficient evidence of force to submit a charge of rape to the jury. This Court said, "there was no substantial evidence that threats or force by the defendant on June 15 were sufficiently related to sexual conduct to cause Brown (the prosecuting victim) to believe that she had to submit to sexual intercourse with him or suffer harm. Although Brown's general fear of the defendant may have been justified by his conduct on prior occasions, absent evidence that the defendant used force or threats to overcome the will of the victim *to resist the sexual intercourse alleged to have been rape*, such general fear was not sufficient to show that the defendant used the force required to support a conviction of rape."

The prosecuting victim in *Alston*, as the prosecuting victim in this case, did not physically resist the defendant. In neither case did the defendant use more force than was necessary to have intercourse. In neither case was there a specific threat by the defendant to harm the victim if she resisted. On this evidence *Alston* says there is not enough evidence to submit rape to the jury. I believe *Alston* was decided incorrectly and should be overruled. If it is not to be overruled, however, I believe we are bound to reverse the rape conviction in this case.

I note that the majority opinion contains the following statement. "This 'general fear' theory is applicable only to fact situations similar to those in *Alston*." If the majority means by this that *Alston* on its facts has no precedential value I might concur. There are other interpretations however, and I therefore dissent.