STATE OF NORTH CAROLINA v. WAYNE MATTHEW JORDAN

No. COA94-1180

(Filed 3 October 1995)

1. **Searches and Seizures § 77 (NCI4th)— evidence seized at time of arrest—articulable suspicion to justify stop of car—denial of motion to suppress proper**

There was no merit to defendant's contention that the trial court erred in denying his motion to suppress evidence seized at the time of his arrest because the arresting officer was without a sufficient reasonable articulable suspicion to justify an investigatory stop of the car in which defendant was a passenger, where a fourteen-year veteran of the police department received a call by a dispatcher indicating that an armed robbery had been committed by two black males, one of whom was wearing a green jacket, at a shoe store and that they had left on foot; the officer observed a car coming from a vehicular area near the crime scene where there were no marked spaces; there were three black males in the car and no other blacks in the area; the officer followed the car during which time the passengers watched him and exhibited what he believed to be suspicious activity in the back seat; the officer witnessed someone discarding two card-like objects from the passenger window; when he turned on his lights, the car did not pull over immediately; upon stopping the vehicle, the officer ordered defendant out of the car and frisked and handcuffed him; during this time the officer saw a green jacket in the car; and thereafter officers searched the blue car and found a .25 caliber handgun under the seat.

**Am Jur 2d, Searches and Seizures § 75.**

**Validity, under Federal Constitution, of warrantless search of motor vehicle—Supreme Court cases. 89 L. Ed. 2d 939.**

**2. Criminal Law § 796 (NCI4th)— mere presence at the crime scene—requested instruction not given—no error**

The trial court did not err in failing to give defendant's proposed instruction on mere presence at the scene of the crime where defendant declined the trial court's offer to give the requested instruction in significant substance; and there was substantially more evidence against defendant than his mere presence at the scene so that the trial judge presumably determined that the mere presence instruction, as requested, was irrelevant to this case.

**Am Jur 2d, Trial § 1400.**

**3. Criminal Law § 830 (NCI4th)— accomplice testimony instruction proper**

The trial court did not err in finding that two defense witnesses in an armed robbery trial were interested witnesses and in instructing the jury on accomplice testimony even though one witness had already been sentenced for the armed robbery and charges against the second witness had been dropped but could have been reinstated.

**Am Jur 2d, Trial § 821.**

**4. Criminal Law § 1183 (NCI4th)— faxed police record— admissibility for sentencing purposes**

The trial court did not err in admitting a faxed copy of a Connecticut police record check into evidence for sentencing purposes, since the enumerated methods of proof in N.C.G.S. § 15A-1340.4(e) are permissive rather than mandatory; the Connecticut police record appeared to be a reliable source of defendant's prior convictions; and defendant did not deny that the record was complete and accurate or make a motion to suppress the record.

**Am Jur 2d, Evidence § 1316.**

Appeal by defendant from judgment entered 9 February 1994 by Judge Ronald L. Stephens in Robeson County Superior Court. Heard in the Court of Appeals 29 August 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General W. Richard Moore, for the State.*

*Weber and Shatz, P.A., by Daniel Shatz, for defendant appellant.*

STATE v. JORDAN

[120 N.C. App. 364 (1995)]

COZORT, Judge.

In this case the defendant contends that physical evidence obtained from the defendant's vehicle should have been suppressed at trial on the ground that the police officers who stopped the defendant did not have a sufficient reasonable articulable suspicion to justify an investigative stop. We find no error.

The State's evidence tended to show that on 21 May 1993, Officer Walter McNeill of the Lumberton Police Department received a call that two black males, one wearing dark clothing and the other wearing a green jacket, had just left Pic-N-Pay shoe store after committing an armed robbery. Officer McNeill, less than a mile away from the shopping center at the time of the call, saw a small blue car come from behind Revco Drugs in the shopping center as he proceeded towards the shoe store. The area from which the car came was not used for public parking. The blue car, which McNeill had never seen in Lumberton, contained three black males. Officer McNeill followed the car. The back seat passenger kept looking back at the police vehicle. McNeill radioed other officers to inform them that he believed he had the suspects in sight. When he saw an arm reach out of the passenger window and drop two small card-like objects, Officer McNeill turned on his blue lights and stopped the car. McNeill approached the passenger side of the car and told an individual, later identified as defendant Wayne Matthew Jordan, to put his hands out of the window where they could be seen. The officer then saw a green jacket inside the vehicle, at which time he ordered the defendant out of the vehicle and frisked him. After detaining the occupants of the blue car in the police vehicle, Officer McNeill and other officers who had arrived searched the car and found a gun under the driver's seat, a clip with eight bullets, money crumpled in the back floorboard and a green jacket. The officers also retrieved the card-like objects thrown from the car, which were two pairs of ladies' earrings.

Defendant was arrested and charged with robbery with a dangerous weapon. After a verdict of guilty and imposition of a prison sentence of 25 years, defendant appeals.

[1] In his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence seized at the time of his arrest. The defendant argues that Officer McNeill was without a sufficient reasonable articulable suspicion to justify a stop of the car in which defendant was a passenger; therefore, he main-

**STATE v. JORDAN**

[120 N.C. App. 364 (1995)]

tains, the evidence obtained as a result of the search is inadmissible. We disagree.

An officer may conduct a brief investigatory stop and limited search of a vehicle or an individual, without probable cause, if the officer is justified by specific, articulable facts which would lead a police officer "reasonably to conclude in light of his experience that criminal activity may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30, 20 L.Ed.2d 889, 911 (1968); *see State v. Thompson*, 296 N.C. 703, 252 S.E.2d 776, *cert. denied*, 444 U.S. 907, 62 L.Ed.2d 143 (1979). "[T]he police officer must be able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 U.S. at 21, 20 L.Ed.2d at 906. The court must view the totality of the circumstances from the perspective of a reasonable and cautious police officer. *State v. Battle*, 109 N.C. App. 367, 370, 427 S.E.2d 156, 158 (1993).

In this case, in ruling upon defendant's motion to suppress, the trial court found that there were specific, articulable facts sufficient to justify Officer McNeill in stopping the car for an investigatory search and frisking the defendant. Included in those findings were the facts that Officer McNeill, a fourteen-year veteran of the Lumberton Police Department, received a call by the dispatcher indicating that an armed robbery had been committed by two black males at the Pic-N-Pay shoe store and that they had left on foot. The dispatcher gave a general description of them, including what they were wearing. Officer McNeill witnessed a blue car coming from behind Revco Drugs, near Pic-N-Pay, from a vehicular area in which there are no marked spaces. There were three black males in the car; Officer McNeill saw no other black individuals in the area. He had never seen the vehicle before. He followed the blue car, during which time the passengers were watching him and exhibited what he believed to be suspicious activity in the back seat. Officer McNeill witnessed someone discarding two card-like objects from the passenger side window. When he turned on his lights, the blue car did not pull over immediately. Upon stopping the vehicle, Officer McNeill ordered defendant Jordan out of the car and frisked and handcuffed him. During this time he saw a green jacket in the car. Thereafter, the officers searched the blue car and found a .25 caliber handgun under the seat.

N.C. Gen. Stat. § 15A-977(f) (1988) requires that the trial court make findings of fact and conclusions of law when ruling upon a

motion to suppress. The findings of fact made by the trial court are conclusive and binding upon appellate courts if supported by competent evidence. *State v. Barfield*, 298 N.C. 306, 339, 259 S.E.2d 510, 535 (1979), *reh'g denied*, 448 U.S. 907, 65 L.Ed.2d 1181 (1980). The trial court's findings of fact in this case are supported by competent evidence and are a sufficient basis for its conclusion that the search conducted by Officer McNeill and other officers without a warrant was lawful and that Officer McNeill had a sufficient reasonable suspicion for an investigative stop of the blue 1979 Chevy Citation. This assignment of error is overruled.

**[2]** By his next assignment of error, the defendant contends that the trial court erred in failing to give the defendant's proposed instruction on mere presence at the scene of the crime. Prior to the court's charge to the jury, the defendant requested in writing that the trial judge charge the jury as follows:

Mere presence at the scene of a crime is insufficient to convict a person of a crime.

The trial judge at the charge conference stated that he would give the instruction with the additional sentence:

However, it may be considered by the jury with all other evidence in arriving at a decision as to the defendant's guilt.

The defendant took exception to the ruling and requested that the instruction on mere presence not be given in the modified form.

If a requested instruction is a correct statement of the law and supported by the evidence, the court must give the instruction at least in substance. *State v. Rose*, 323 N.C. 455, 457, 373 S.E.2d 426, 428 (1988). If, however, the instruction is irrelevant to the case, based upon the evidence, the judge is not obliged to give it. *State v. Chambers*, 52 N.C. App. 713, 724, 280 S.E.2d 175, 181 (1981).

In this case, the court agreed to give the requested mere presence instruction in significant substance; however, the defendant declined the court's offer. Furthermore, there is substantially more evidence in this case against the defendant than his mere presence at the scene. The testimony of Nancy Campbell, an employee of Pic-N-Pay present at the store at the time of the robbery, was that the defendant closely followed Ms. Campbell to the cash register of the store and told her to open it. She took the money from the register and handed it to the defendant. She then witnessed the defendant and the other man

involved in the robbery leave the store together. Based upon the evidence presented at trial, the trial judge presumably determined that the mere presence instruction, as requested, was irrelevant to this case.

To determine whether a jury could be misled or misinformed by a certain jury instruction, the charge must be examined contextually as a whole. *State v. Watson*, 294 N.C. 159, 168-69, 240 S.E.2d 440, 447 (1978). In this case, the trial court correctly charged the jury regarding the defendant's presumption of innocence and the State's burden to prove guilt beyond a reasonable doubt. Furthermore, the court accurately charged the jury as to the weight to be given any evidence and its role as sole judge of the credibility of witnesses. Based upon its guilty verdict, the jury apparently found Ms. Campbell's testimony more credible than testimony offered by defense witnesses. Taken as a whole, the jury charge given was sufficient, and there is no reason to believe that the jury was misled or misinformed on the applicable law in this case. Defendant's assignment of error is overruled.

**[3]** In his third assignment of error the defendant contends that the trial court erred in instructing the jury on accomplice testimony. We find no error. This court has upheld an accomplice instruction regarding defense witnesses when the instruction was applicable, so long as the instruction was accompanied by an admonition to the jury that, if the testimony of the alleged accomplice is believed, it should be given the same weight as any other credible evidence. *State v. Diaz*, 88 N.C. App. 699, 704, 365 S.E.2d 7, 10 (1988), *cert. denied*, 322 N.C. 327, 368 S.E.2d 870 (1988); *see State v. Pryor*, 59 N.C. App. 1, 295 S.E.2d 610 (1982). In this case, the trial judge specifically gave the additional qualification after the interested witness charge that the jury should, if it believed such testimony, give it as much weight as it would a disinterested witness.

William McCormick, one of the defense witnesses, had already been sentenced for armed robbery prior to the defendant's trial. Charges against Steven Jones, the driver of the vehicle in which the defendant was stopped following the robbery, had also been dropped prior to trial. However, the status of these two witnesses with regard to this case does not mean that they were no longer "interested witnesses" such that the accomplice instruction was no longer necessary. William McCormick was a friend of the defendant. He lived in the same trailer park where the defendant stayed, occasionally came to the defendant's home to change clothes, and kept some of his

clothes and a gun in the defendant's bedroom. Steven Jones, driver of the vehicle from which the defendant was apprehended, was also a friend of the defendant's. Furthermore, while the charges against Jones had been dismissed, they could have been reinstated. However, if the defendant was acquitted of robbery, it would be less likely that the State would have reinstated the charges against Jones. " 'The relationships which might cause bias are legion. . . . The law recognizes relationships far beyond blood and marriage. "Although relationship to a party should not discredit the witness, still this is a circumstance which may be weighed by the jury." ' " *State v. Morgan*, 263 N.C. 400, 404, 139 S.E.2d 708, 710 (1965) (citations omitted). In this case, the trial court found that these two defense witnesses were interested witnesses. There was no error in so charging the jury, and this assignment of error is overruled.

**[4]** In his fourth assignment of error the defendant contends that the trial court committed error in admitting a faxed copy of a Connecticut police record check into evidence for sentencing purposes. N.C. Gen. Stat. § 15A-1340.4(e) (1988) provides:

> A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction.

The enumerated methods of proof in this statutory section are permissive rather than mandatory. *State v. Strickland*, 318 N.C. 653, 660, 351 S.E.2d 281, 284 (1987). In *Strickland*, the Court allowed proof of a prior criminal record through the testimony of a police officer based upon his personal knowledge. As demonstrated in *Strickland*, the reliability of the method of proof is the important inquiry to be made in determining its admissibility. In this case, the defendant did not deny that the Connecticut police record was complete and accurate. Nor did the defendant make a motion to suppress the evidence of the prior conviction or request a continuance in order to obtain the original copy of the defendant's record. The defendant merely contends that the formalities of N.C. Gen. Stat. § 15A-1340.4(e) were not strictly followed. The defendant does not argue, and we find no evidence from the record, that the Connecticut police record was unreliable, incomplete or inaccurate. N.C. Gen. Stat. § 15A-1340.4(e) allows means of proof other than those enumerated in the statute so long as those means are reliable. As a faxed, certified copy, the Connecticut police record appears to be a reliable source of the defendant's prior convictions. The defendant's assignment of error regarding this record is overruled.

CHAPMAN v. JANKO, U.S.A.

[120 N.C. App. 371 (1995)]

In sum, we find that the trial court's denial of the defendant's motion to suppress was supported by competent evidence. We also find that the requested jury instruction on mere presence was properly excluded and that the instruction on accomplice testimony was properly included. Finally, we find no error in the admission of the Connecticut police record check because in this particular case the requirements of the reliability of the method of proof have been met in accordance with N.C. Gen. Stat. § 15A-1340.4(e).

No error.

Judges WALKER and McGEE concur.