STATE OF NORTH CAROLINA v. CARLTON DALE WALL,
AKA CARLTON MOONIE WALL

No. COA99-1208

(Filed 29 December 2000)

**Sentencing— habitual felon—evidence—faxed copy of prior conviction**

The trial court in an habitual felon prosecution properly admitted a faxed certified copy of a prior conviction. Defendant challenged the exhibit only under N.C.G.S. § 14-7.4, not under the Rules of Evidence; although N.C.G.S. § 14-7.4 contemplates the most appropriate means to prove prior convictions, it does not exclude other methods of proof. The trial court in this case care-

fully examined the facsimile, noting that it was stamped with a seal showing it to be a true copy of the original signed by a clerk of superior court, found that the seal was a reasonable copy, and concluded that the exhibit sufficed to be introduced into evidence. The Court of Appeals concluded that the faxed, certified copy was a reliable source of the prior conviction based on the trial court's observations and its own examination of the exhibit. Finally, defendant admitted under oath that he was convicted of the crimes listed therein.

Appeal by defendant from judgment entered 13 April 1999 by Judge Henry E. Frye, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 18 September 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Ted R. Williams, for the State.*

*Richard M. Dailey, Jr. for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Carlton Dale Wall ("defendant") was indicted on 19 January 1999 for possession with intent to sell and deliver a counterfeit controlled substance, sale and delivery of a counterfeit controlled substance, and as an habitual felon. Defendant's habitual felon indictment was based on two 13 July 1989 convictions for felony larceny, a 4 October 1991 conviction for common law robbery, and a 24 April 1995 conviction for assault with a deadly weapon inflicting serious bodily injury.

During the habitual felon phase of defendant's trial and out of the presence of the jury, the State presented copies of court records as evidence of defendant's alleged prior felony convictions. Defendant objected to the introduction of one of the court records, exhibit S-1, arguing that it was not a certified copy of a court record in compliance with section 14-7.4 of the North Carolina General Statutes. Exhibit S-1 referenced defendant's two alleged 13 July 1989 convictions in Superior Court, Alamance County for felony larceny. The State explained that exhibit S-1 was a facsimile of a certified copy and further noted that although one could not "feel" the certification seal on exhibit S-1, it was visible. Defendant argued that it was unclear, when viewing the seal, who certified the record or whether that person was qualified to certify the record. The State asserted, among other arguments, that the facsimile was submitted as evidence to corroborate defendant's testimony in the first phase of the trial,

where he admitted that he had indeed been convicted of larceny. On cross-examination during phase one of trial, defendant did admit that in July 1989, he was convicted of two counts of felony larceny.

The trial court noted that exhibit S-1 contained a "fax cover sheet, . . . the judgment and commitment, an indictment, another indictment, [and] transcript of plea" and was stamped with a seal "showing this is a true copy of the original which was signed by a clerk of Superior Court [,] April 9, 1999." The court found that "although not the original, the facsimile [was] a reasonable copy of the seal from Alamance County." The court concluded that exhibit S-1 "suffices [sic] the statute to be introduced into evidence[.]"

Although exhibit S-1 contained references to two 13 July 1989 felony larceny convictions, the State utilized only one larceny conviction to establish defendant's status as an habitual offender. Along with the felonious larceny conviction referenced in exhibit S-1, the State presented evidence of two other felony convictions, exhibits S-2 and S-3. Defendant did not object to the admission of either exhibit S-2 or exhibit S-3 into evidence.

A jury found defendant guilty of selling and delivering a counterfeit controlled substance and of habitual felon status. The trial court sentenced defendant to a term of 107 to 138 months imprisonment. Defendant now appeals.

---

Although defendant presents several assignments of error in the record on appeal, he argues only one in his appellate brief. We therefore deem the remaining assignments of error abandoned. *See* N.C.R. App. P. 28(b)(5).

Defendant asserts that the trial court committed reversible error in admitting into evidence a facsimile transmission of a certified copy of court records evincing his prior felony larceny conviction (exhibit S-1) for the purpose of establishing his status as an habitual felon. Defendant does not challenge the admissibility of exhibit S-1 under our Rules of Evidence but asserts a challenge to the statutory interpretation of section 14-7.4 of our General Statutes. Defendant argues that section 14-7.4 does not permit the consideration of exhibit S-1 to establish a prior conviction. We disagree.

Section 14-7.4 of our General Statutes states:

In all cases where a person is charged . . . with being an habitual felon, the record or records of prior convictions of felony

offenses shall be admissible in evidence, but only for the purpose of proving that said person has been convicted of former felony offenses. *A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction.* The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein.

N.C. Gen. Stat. § 14-7.4 (1999) (emphasis added). At issue in this appeal is the above emphasized provision of section 14-7.4, specifying that "[a] prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction." N.C.G.S. § 14-7.4.

Our appellate courts have never examined whether a faxed certified copy of a criminal record is admissible under section 14-7.4 to prove defendant's status as an habitual felon. However, our Court found in *State v. Jordan*, 120 N.C. App. 364, 462 S.E.2d 234, *dismissed and disc. review denied*, 342 N.C. 416, 465 S.E.2d 546 (1995), that a faxed certified copy of a police record check was admissible under circumstances similar to those presented by the instant case. The *Jordan* case provides us with guidance concerning the issue presented *sub judice.*

In *Jordan*, the defendant contended on appeal that the trial court committed reversible error in admitting "a faxed copy of a Connecticut police record check into evidence for sentencing purposes," in violation of North Carolina General Statutes section 15A-1340.4(e). 120 N.C. App. at 370, 462 S.E.2d at 238; N.C. Gen. Stat. § 15A-1340.4(e) (1988) (repealed 1993). The *Jordan* court noted that section 15A-1340.4(e) provided: " 'A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction.' " *Id.* at 370, 462 S.E.2d at 238-39 (quoting N.C.G.S. § 15A-1340.4(e)). The court found that the statutory provision was permissive. *Id.* at 370, 462 S.E.2d at 239. The court further found that "the reliability of the method of proof is the important inquiry to be made in determining admissibility." *Id.*

The *Jordan* court noted that defendant's only contention concerning the document's admission was that the fax did not strictly comply with the formalities of section 15A-1340.4(e). However, "defendant did not deny that the [] police record was complete and

accurate." *Id.* The court concluded that the "faxed, certified copy" of the police record "appear[ed] to be a reliable source of the defendant's prior convictions" and therefore, overruled defendant's assignment of error. *Id.*

The statute at issue in the instant case, section 14-7.4, clearly indicates that the provision is permissive, not mandatory, in that it provides a prior conviction "may" be proven by stipulation or a certified copy of a record. *See Campbell v. Church*, 298 N.C. 476, 483, 259 S.E.2d 558, 563 (1979) ("the use of 'may' generally connotes permissive or discretionary action and does not mandate or compel a particular act"). Thus, although section 14-7.4 contemplates the most appropriate means to prove prior convictions for the purpose of establishing habitual felon status, it does not exclude other methods of proof. *Cf. State v. Graham*, 309 N.C. 587, 308 S.E.2d 311 (1983) (stating the same in relation to similar language under section 15A-1340.4(e)).

In the present case, the State, similar to the State in *Jordan*, presented a facsimile, certified copy of a 1989 court record referencing defendant's felony larceny conviction for the purpose of establishing defendant's status as an habitual felon. Prior to its admission, the trial judge carefully examined the facsimile, noting that it was stamped with a seal "showing this is a true copy of the original which was signed by a clerk of Superior Court[,] April 9, 1999." The trial court found that "although not the original, the facsimile is a reasonable copy of the seal from Alamance County." The court concluded that exhibit S-1 "suffices [sic] the statute to be introduced into evidence." Defendant, similar to the *Jordan* defendant, does not contend that exhibit S-1 was inaccurate or incomplete, but only that its admission was not in compliance with the plain language of section 14-7.4.

Based on the above noted observations by the trial court and our own examination of exhibit S-1, we conclude that the faxed, certified copy "appears to be a reliable source of [defendant's] prior conviction[]" for felony larceny. *Jordan*, 120 N.C. App. at 370, 462 S.E.2d at 239. The exhibit's reliability was further bolstered below by defendant's own admission under oath that he indeed was convicted of the crimes listed therein. As such, we conclude that the trial court properly admitted exhibit S-1 into evidence as proof of defendant's prior felonious larceny conviction for the purpose of establishing his status as an habitual felon. Defendant's assignment of error is consequently overruled.

For the foregoing reasoning, we find that defendant received a fair trial, free from prejudicial error.

No error.

Chief Judge EAGLES and Judge FULLER concur.