STATE v. REED

[93 N.C. App. 119 (1989)]

STATE OF NORTH CAROLINA v. WILLIAM PAUL REED

No. 8819SC387

(Filed 7 March 1989)

1. **Criminal Law § 138.21— two counts of assault—especially heinous, atrocious or cruel—properly found**

   The trial court did not err in a prosecution for two counts of assault with a deadly weapon with intent to kill inflicting serious injury by finding as an aggravating factor in both cases that the offense was especially heinous, atrocious or cruel where the court stated that it was considering only the situation as it existed during the course of the offense and the overall situation during the course of the offense. The judge had explicitly acknowledged during argument by counsel that he recognized that it was improper for the court to use conviction of a joined offense as the basis for finding another offense especially heinous, atrocious or cruel, and the type of assault in this case was excessively brutal beyond that normally present in any assault with a deadly weapon with intent to kill inflicting serious injury.

2. **Criminal Law § 138.29— assault—nonstatutory aggravating factor—premeditated and deliberated assault—no error**

   The trial court did not err when sentencing defendant for two counts of assault with a deadly weapon with intent to kill inflicting serious injury by finding as a nonstatutory aggravating factor that the assault on his wife was premeditated and deliberated where there was ample evidence of defendant's intent to kill on the night in question and the evidence of premeditation and deliberation from two days earlier was not necessary to prove the intent to kill element of the offense.

3. **Criminal Law § 138.7— assault—sentencing—limited use of statements made by defendant to psychologist**

   There was no error when sentencing defendant for two counts of assault with a deadly weapon with intent to kill inflicting serious injury from admitting testimony concerning statements made by defendant to his psychologist about his consumption of alcohol prior to the offenses for the limited purpose of proving what he had told his psychologist and not to prove that he had used alcohol. Although the formal rules of evidence do not apply in sentencing hearings, and the court

may base its sentencing decision on reliable hearsay, defendant is not entitled to consideration of hearsay evidence if it is of doubtful credibility and defendant had the burden of persuasion on mitigating circumstances. The defendant here failed to show that the statements in question were manifestly credible.

Judge BECTON concurs in the result.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 21 October 1987 in Superior Court, ROWAN County. Heard in the Court of Appeals 1 November 1988.

The defendant was tried and convicted of two counts of assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence at trial tended to show that defendant was separated from his wife (Carol Reed) at the time of the incident, and Mrs. Reed was living with another man (Mr. Wells). Defendant knew of the relationship and knew where the two were residing.

On 5 August 1987 at approximately 10:30 or 11:00 p.m., a car pulled into Mr. Wells' driveway and a shot was fired from the vicinity of the car through a glass storm door to the home. The victims, Mrs. Reed and Mr. Wells, had been sitting on the living room couch when the first shot was fired. Mr. Wells testified that the bullet from the first shot went right by his head. An investigating officer testified that a shell casing was found in the wall behind the couch, about 6-8 inches above the back of the couch. Both Mr. Wells and Mrs. Reed testified they got up from the couch and ran out of the living room, away from the attack. As Mr. Wells was moving toward the kitchen he was struck by a bullet in the right arm, just above the elbow. The bullet shattered the bone so that he was unable to use his right arm after that initial wound. Mr. Wells testified that he was trying to protect himself with a kitchen chair but when he reached for the chair, he was wounded in his left arm by two bullets. The second wound to his left arm severed the main artery in the arm. Mr. Wells testified that he clearly saw the defendant standing in the living room of the house holding a .22 caliber rifle. Mr. Wells also testified that he pleaded with the defendant to stop shooting.

Mrs. Reed testified that she had run to a back bedroom after the initial shot had been fired. When she heard something fall in another room, she went to stand near a doorway and looked

**STATE v. REED**

[93 N.C. App. 119 (1989)]

around a corner to see what was happening in the kitchen. Mrs. Reed testified that she saw Mr. Wells on the floor, and that she saw the defendant holding a rifle. Mrs. Reed testified that the defendant shot her in the left arm as she stood in the doorway. After being wounded Mrs. Reed ran back into the bedroom. Mrs. Reed also testified that after she heard no more shots for awhile and thought the defendant had left, she returned to the kitchen to help Mr. Wells. Mrs. Reed was then shot in the back by defendant. Mrs. Reed fell on the floor in front of the refrigerator. The defendant then fired two more shots in her direction, both of which hit the refrigerator. Mrs. Reed testified she then pulled herself up off the floor and ran back into the bedroom, screaming to the defendant to please stop shooting. After some time Mrs. Reed returned to the kitchen and found the defendant had left. She then ran to a neighbor's house to get help. Both victims testified they were certain the defendant was their assailant.

The State also presented testimony from a police officer and a detective who were called to the scene the night of the shootings. The policemen testified that eight .22 caliber spent shells were found in various locations in the living room. Furthermore, one bullet was found in the wall behind the couch, two in the wall next to a door, one in the refrigerator, and one in the wall behind the refrigerator (the bullet had passed through the refrigerator). The State also presented testimony from the surgeon who treated the victims the night of the shooting. His testimony corroborated the victims' testimony as to the nature of their wounds.

A friend of the defendant, a Mr. Lefler, also testified for the State. Mr. Lefler recalled a conversation with the defendant that allegedly occurred on 3 August 1987 in which the defendant asked Mr. Lefler if Mrs. Reed "knew" Mr. Lefler's car and if Mr. Lefler had a gun the defendant could borrow. Mr. Lefler testified that the defendant said he was "going to go shoot the hell out of Carol" (Mrs. Reed).

The defendant presented no evidence. Upon guilty verdicts on both charges the court sentenced defendant to two consecutive 15 year terms. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin W. Smith, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Staples Hughes, for the defendant-appellant.*

EAGLES, Judge.

Defendant does not argue in his brief any of the eight assignments of error that relate to the guilt determination phase of his trial. They are therefore deemed abandoned. Rule 28(b)(5), N.C. Rules of App. Proc. He also fails to argue three of the assignments of error listed in the record that relate to the sentencing phase. They too are deemed abandoned. *Id.* The four assignments of error defendant did argue in his brief relate to the sentencing phase. Two assignments question the propriety of finding as an aggravating factor that each offense was especially heinous, atrocious or cruel. Defendant also argues that the trial court erred in finding that the offense against Mrs. Reed was premeditated and deliberated. Finally, the defendant argues that the trial court's failure to admit statements allegedly made by defendant to a psychologist regarding defendant's use of alcohol prior to the commission of the offenses was error. The defendant asserts in his brief that the error resulted in the "tepid finding of a mitigating mental condition." After careful review of the record, we find no error in the sentencing phase.

I.

[1] Defendant asserts that it was error for the trial court to have found as an aggravating factor in both cases that the offense was especially heinous, atrocious or cruel. Defendant's argument is that the trial court used the conviction of each offense as an aggravating factor in the other. We find no merit to defendant's argument and therefore overrule these two assignments of error.

In *State v. Westmoreland*, 314 N.C. 442, 334 S.E. 2d 223 (1985), the Court held that use of a joined offense as evidence that the offense for which defendant is being sentenced was especially heinous, atrocious or cruel violates the Fair Sentencing Act. In *Westmoreland*, the defendant had been convicted of one count of first degree murder, two counts of second degree murder, and one count of assault with a deadly weapon with intent to kill inflicting serious injury. In sentencing for the non-capital offenses the trial court stated that "these four offenses were committed within a short time of one another, and that the course of conduct in which defendant committed the first degree murder . . . was a part of other crimes involving violence against the persons." *Id.* at 448, 334 S.E. 2d at 227. The trial court found that all three non-capital offenses were especially heinous, atrocious or cruel. The Supreme Court

found that although the trial court did not explicitly use defendant's convictions as aggravating factors, in relying on defendant's "murderous course of conduct" the trial court had in effect used the contemporaneous convictions as aggravating factors. *Id.* at 449, 334 S.E. 2d at 228.

In support of his argument here, the defendant points to the statements made by the court at the sentencing hearing. The trial court stated that, in finding each offense especially heinous, atrocious or cruel, the court was "considering only the situation as it existed during the course of the offense . . . the overall situation during the course of the offense." The court went on to state that

> [t]he victims cared for each other and were exposed to the infliction of wounds over a period of time, and other gunshots in the house, by a person — by the defendant — who was violent throughout it all, who gave no indication when it was over, other than leaving, violently leaving both victims in fear.

Contrary to defendant's assertion, looking at the context in which the statement was made by the trial court, in light of arguments of counsel and responses by the court, we find that the quoted statement does not indicate the trial court improperly used a joined offense as an aggravating factor in either of these cases. The judge had explicitly acknowledged during argument by counsel that he recognized that it was improper for the court to use conviction of a joined offense as the basis for finding another offense especially heinous, atrocious or cruel. The trial court's reference to the "overall situation" does not necessarily indicate he was improperly considering a "course of conduct" that included the commission of a joined offense. The "overall situation" was that the victims were attacked late at night in the home they shared, without warning or provocation on their part. Furthermore, as the defendant stealthily moved to various places in the living room, he shot at the victims at least nine times, wounding one twice and the other three times, over an extended period of eight to ten minutes. Both victims testified that even after each had been wounded by defendant, they pleaded with defendant to stop shooting. This type of assault is excessively brutal beyond that normally present in any assault with a deadly weapon with intent to kill inflicting serious injury. *See State v. Vaught*, 318 N.C. 480, 349 S.E. 2d 583 (1986).

## II.

[2] Defendant's next assignment of error is based on the court's finding as a non-statutory aggravating factor that the assault on Mrs. Reed was premeditated and deliberated. Defendant argues that the trial court used evidence of an element of an offense to aggravate that same offense. Defendant's argument is without merit.

The defendant argues that since the trial court found that defendant had premeditated and deliberated the shooting of Mrs. Reed "over a period of approximately two days" he must have relied on the State's evidence of defendant's 3 August 1987 conversation with a friend. Since this evidence was introduced at trial, defendant asserts it could have been used by the jury as the basis of the "intent to kill" element of the offense for which he was convicted. "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." G.S. § 15A-1340.4(a)(1). Premeditation means that the defendant formed the intent to kill during some period of time before actually committing the crime; deliberation means that the defendant formed the intent to kill while in a "cool state of blood and not under the influence of a violent passion suddenly aroused by sufficient provocation." *State v. Misenheimer*, 304 N.C. 108, 113, 282 S.E. 2d 791, 795 (1981). To show premeditation, the State must prove the timing of the defendant's intent. To show deliberation, the State must prove defendant's emotional state at the time the intent to kill was formed. An intent to kill may be shown by evidence of the deadly weapon used, the number of shots fired, the nature of the wounds inflicted and other circumstances at the time of the assault. Therefore, proof of premeditation and deliberation requires presentation of additional evidence beyond evidence necessary to prove defendant's intent to kill. *See State v. Smith*, 92 N.C. App. 500, 374 S.E. 2d 617 (1988). In this case, evidence of defendant's conversation two days before the shooting was sufficient to show premeditation and deliberation. Evidence of defendant's conduct on the night of the assaults was sufficient to prove the intent to kill element.

Since there was ample evidence of defendant's intent to kill on the night in question, i.e., the number of shots, the multiple shootings of already wounded victims, etc., the evidence of premeditation and deliberation from two days earlier "was not necessary to prove an element of the offense," i.e., the intent to kill. According-

ly, the State is not precluded from using the premeditation and deliberation evidence to prove an aggravating factor for sentencing purposes.

## III.

[3] Defendant's final argument is that the trial court erred in limiting the use of certain testimony offered at the sentencing hearing concerning statements made by defendant to his psychologist about his consumption of alcohol prior to the offenses. The State objected to the psychologist's testimony on hearsay grounds. The trial court ruled the evidence would not be admitted to prove defendant had used alcohol but would be admitted for a limited purpose, as evidence of what defendant told his psychologist. Defendant asserts that the statements made by defendant were shown to be trustworthy and, though clearly hearsay, they should have been admitted to prove the truth of the matter asserted. Defendant further argues that had the statements been admitted to prove that defendant had consumed alcohol prior to the shootings, the court would have been compelled to find as a mitigating factor that "defendant was suffering from a . . . physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense." G.S. § 15A-1340(a)(2)(d). Defendant's argument is without merit.

Although the formal rules of evidence do not apply in sentencing hearings, evidence offered at sentencing must be both pertinent and dependable. *State v. Pinch*, 306 N.C. 1, 292 S.E. 2d 203, *cert. denied, Smith v. North Carolina*, 459 U.S. 1056, 103 S.Ct. 474, 74 L.Ed. 2d 622 (1982). While the court may base its sentencing decision on "reliable hearsay," *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980), defendant is not entitled to consideration of hearsay evidence that is of doubtful credibility.

In the sentencing phase, the burden of persuasion on mitigating circumstances is on the defendant. *State v. Braswell*, 78 N.C. App. 498, 337 S.E. 2d 637 (1985). Defendant must convince the court that evidence of the mitigating factor is "uncontradicted, substantial and manifestly credible." *State v. Cameron,* 314 N.C. 516, 520, 335 S.E. 2d 9, 11 (1985). "The failure of a court to find a factor in mitigation urged by the defendant will not be overturned on appeal unless the evidence in support of the factor is uncontradicted, substantial, and there is no reason to doubt its credibility. *State v. Lane*, 77 N.C. App. 741, 745, 336 S.E. 2d 410, 412 (1985). The

refusal of the trial court to admit the doctor's testimony to prove that defendant had consumed alcohol prior to the offenses was not error. The defendant failed to show the statements were manifestly credible.

For the reasons stated, we find no error.

No error.

Judge GREENE concurs.

Judge BECTON concurs in the result.