STATE v. WHITAKER

[100 N.C. App. 578 (1990)]

———————————

STATE OF NORTH CAROLINA v. JOHN C. WHITAKER, JR.

No. 9015SC295

(Filed 6 November 1990)

1. **Criminal Law § 1169 (NCI4th)— sentencing—aggravating factor—offense committed while on pretrial release**

The trial court did not err when sentencing defendant for assault with a deadly weapon inflicting serious injury by finding as an aggravating factor that defendant committed the offense while on two separate release orders for misdemeanor assault on his wife, the victim here. It is uncontested that there was a factual basis for this factor; that defendant committed the offense while on pretrial release for other charges is clearly related to the purposes of sentencing; the fact that defendant committed the offense while on release for misdemeanors rather than felonies simply means that the court is not required to find it as an aggravating factor, but does not preclude the court from doing so; and the finding of this factor was not contrary to the intent of the legislature as expressed by N.C.G.S. § 15A-1340.4(a)(1)o because the aggravating factor found here was not based on the misdemeanor charges themselves.

**Am Jur 2d, Criminal Law §§ 598, 599.**

2. **Criminal Law § 1123 (NCI4th)— assault—sentencing— aggravating factor—premeditation and deliberation**

   The aggravating factor of premeditation and deliberation for an assault with a deadly weapon inflicting serious injury was supported by the evidence where it was clear that the court found defendant's version of events incredible and based this factor on evidence that there was considerable ill will between the parties in the weeks preceding the felonious assault; that the ill will culminated in violence on at least two prior occasions; that defendant showed his wife a butterfly knife, the type used in the assault, about one week before the assault; and that defendant approached his wife hours before the assault at a concert and told her she was dead, was going to die, or words of similar import.

   **Am Jur 2d, Criminal Law §§ 598, 599.**

3. **Criminal Law § 1079 (NCI4th)— sentencing—weighing aggravating and mitigating factors—no abuse of discretion**

   The trial court did not abuse its discretion when sentencing defendant for assault with a deadly weapon inflicting serious injury by finding that the two aggravating factors outweighed the two mitigating factors.

   **Am Jur 2d, Criminal Law §§ 598, 599.**

4. **Criminal Law § 1239 (NCI4th)— strong provocation**

   The trial court did not err when sentencing defendant for assault by failing to find as a mitigating factor that defendant acted under strong provocation where defendant's evidence was contradicted and not manifestly credible.

   **Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendant from judgment entered 29 September 1989 by *Judge J. Milton Read, Jr.* in ALAMANCE County Superior Court. Heard in the Court of Appeals 19 October 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Martha K. Walston, for the State.*

*Abernathy, Roberson & Huffman, by David R. Huffman, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from judgment entered 29 September 1989 wherein the trial court sentenced the defendant to a prison term of nine years after the defendant pled guilty to the offense of assault with a deadly weapon inflicting serious injury.

A true bill of indictment was returned against the defendant charging him with assault with a deadly weapon with intent to kill inflicting serious injury. Upon his guilty plea to the lesser offense, the trial court sentenced the defendant to a term of imprisonment in excess of the presumptive term. In sentencing defendant, the court found the following two nonstatutory aggravating factors to exist: (1) that the offense was committed while defendant was on two separate release orders for misdemeanor assault on this same victim, his wife Lori Whitaker; and (2) that the defendant's acts were done with premeditation and deliberation. The court found two statutory mitigating factors to exist, but found that the aggravating factors outweighed the mitigating factors.

---

The issues are: (I) whether the trial court erred in finding as an aggravating factor that the defendant committed the offense while he was on two separate release orders for misdemeanor assault on the same victim; (II) whether the trial court erred in finding as an aggravating factor that the defendant committed the offense with premeditation and deliberation; (III) whether the trial court abused its discretion in finding that the two aggravating factors outweighed the two mitigating factors; and (IV) whether the trial court erred in failing to find as a mitigating factor that the defendant acted under strong provocation.

I

[1] Defendant first argues that the trial court erred in finding as an aggravating factor that he committed the offense while on two separate release orders for misdemeanor assault on his wife. He contends the finding of this factor was error because: (1) such factor is not reasonably related to the purposes of sentencing; (2) consideration of such factor is contrary to the intent of our legislature because it is only when a defendant commits an offense while on pretrial release for a felony, rather than a misdemeanor, that it is to be considered in aggravation of the offense under N.C.G.S. § 15A-1340.4(a)(1)(k) (1988); (3) consideration of such factor

was tantamount to treating the pending misdemeanor charges as if they were convictions, thus circumventing the intent of the legislature as expressed through N.C.G.S. § 15A-1340.4(a)(1)(o) (1988); and (4) consideration of such factor was improper because the misdemeanor charges were allegedly joinable with the felony charge for which defendant was being sentenced.

N.C.G.S. § 15A-1340.4(a) authorizes the sentencing judge to "consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or not such aggravating or mitigating factors are set forth herein." It is uncontested that there was a factual basis for this factor. The only question remaining then is whether this factor is reasonably related to the purposes of sentencing. N.C.G.S. § 15A-1340.3 (1988) provides that the primary purposes of sentencing

> are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

That the defendant committed the offense while on pretrial release for another charge, whether that charge be for a misdemeanor or a felony, is clearly related to the purposes of sentencing. See State v. Webb, 309 N.C. 549, 308 S.E.2d 252 (1983). That this is so is demonstrated by the legislature's requiring that it be found in aggravation of an offense that the defendant committed the offense while on pretrial release on another felony charge. See N.C.G.S. § 15A-1340.4(a)(1)(k). The fact the defendant committed the offense while on release for a misdemeanor, rather than a felony, does not preclude the court from finding it as an aggravating factor. It simply means the court is not required to find it as an aggravating factor. As our Supreme Court has stated: "One demonstrates disdain for the law by committing an offense while on release pending trial of an earlier charge, and this may indeed be considered an aggravating circumstance." Webb at 559, 308 S.E.2d at 258.

Lastly, we do not agree that the finding of this aggravating factor is contrary to the intent of our legislature as expressed by N.C.G.S. § 15A-1340.4(a)(1)(o). N.C.G.S. § 15A-1340.4(a)(1)(o) re-

quires that the sentencing court consider as an aggravating factor that the defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement, when such factor is proven by the evidence. The statute further specifies that such prior convictions may not include any offense that is joinable with the offense for which the defendant is being sentenced. N.C.G.S. § 15A-1340.4(a)(1)(o). Defendant's arguments pertaining to N.C.G.S. § 15A-1340.4(a)(1)(o) are misplaced, however, because the aggravating factor found here was not based on the misdemeanor charges themselves. The misdemeanor charges were not, of course, convictions and were not treated or considered as such by the court. In sum, we conclude the court's finding of this factor was proper.

II

[2]  Defendant next argues the court erred in finding as an aggravating factor that he committed the offense with premeditation and deliberation. He contends this factor is not supported by the evidence. We disagree.

It is well established that premeditation and deliberation may properly be found as a factor in aggravation of a violent offense. *See State v. Carter*, 318 N.C. 487, 349 S.E.2d 580 (1986); *State v. Smith*, 92 N.C. App. 500, 374 S.E.2d 617 (1988), *disc. rev. denied*, 324 N.C. 340, 378 S.E.2d 805 (1989). Premeditation means the defendant formed the intent to commit the offense during some period of time before actually committing it. *Smith* at 504, 374 S.E.2d at 619-20. "[D]eliberation means that the defendant was in a cool state of blood when he formed the intent to" commit the crime. *Id.* at 504, 374 S.E.2d at 620.

> Proof of premeditation and deliberation generally consists of circumstantial rather than direct evidence. Threats against the victim by the defendant, previous ill will between the victim and the defendant, the nature and number of the victim's wounds, and the brutality of the . . . [offense] are some of the circumstances supporting an inference of premeditation and deliberation.

*Carter* at 491, 349 S.E.2d at 582.

Defendant's argument that this factor is not supported by the evidence is based on his version of what occurred on the night of the felonious assault as well as what transpired previously be-

tween him and his wife, who was the victim of the assault. Defendant's version of the events differs greatly from the version told by his wife. It is clear the court found defendant's version incredible and based this aggravating factor on the evidence supporting the wife's version of the events in question. That evidence showed, among other things, that there was considerable ill will between the parties in the weeks preceding the felonious assault, which ill will culminated in violence on at least two occasions prior to the felonious assault; that one week before the felonious assault, defendant showed his wife a butterfly knife, which was the type of knife used in the assault, and told her drug dealers were after him and were going to get her to get at him; and that, hours before the assault, defendant approached his wife at a concert and told her she was dead, or was going to die, or words of similar import. We conclude that the State has met its burden of proving this factor by a preponderance of the evidence. *State v. Canty*, 321 N.C. 520, 364 S.E.2d 410 (1988).

### III

[3] Defendant next argues it was an abuse of the discretion vested in the court to find that the two aggravating factors found outweighed the two mitigating factors.

> The balance struck in weighing aggravating and mitigating factors pursuant to the Fair Sentencing Act is a matter within the sound discretion of the trial judge. . . . This balance will not be disturbed on appeal unless the court's ruling is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.

*State v. Parks*, 324 N.C. 94, 98, 376 S.E.2d 4, 7 (1989) (citation omitted). We discern no abuse of the court's discretion in weighing the factors here and reject defendant's argument.

### IV

[4] Lastly, defendant argues the court erred in failing to find as a mitigating factor that he acted under strong provocation. *See* N.C.G.S. § 15A-1340.4(a)(2)(i) (1988). The sentencing court is required to find a statutory factor only when the evidence supporting the factor is uncontradicted, substantial, and manifestly credible. *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983). The evidence cited by the defendant here as supporting this statutory factor was con-

tradicted and was not manifestly credible. Accordingly, we find no error in the court's failure to find this factor.

The judgment entered is affirmed.

Affirmed.

Judges PARKER and ORR concur.