STATE OF NORTH CAROLINA v. KYEEM AMIR BEST, Defendant

No. COA09-439

(Filed 2 March 2010)

**Sentencing— prior record level—printed-out email**

The trial court did not err in an attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury case by considering defendant's prior assault conviction when determining his prior record level. A printed-out email, containing a screenshot of the Administrative Office of the Courts' (AOC) record of the conviction, was a copy of a record maintained electronically by the AOC, and was sufficient to prove defendant's prior conviction under N.C.G.S. § 15A-1340.14(f)(3).

Appeal by defendant from judgments entered on or about 11 July 2008 by Judge Timothy L. Patti in Superior Court, Mecklenburg County. Heard in the Court of Appeals 30 September 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Haral E. Carlin, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted of attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. Defendant appeals, arguing that the trial court erred in sentencing by considering defendant's prior conviction for assault. For the following reasons, we affirm.

Because defendant's sole assignment of error brought forward in defendant's brief is directed to the sentencing proceeding, we need not recite the evidence in detail. We have reviewed the transcript carefully and conclude the State offered sufficient evidence to show that on 3 August 2006, defendant walked up to Ahmesha, the mother of his daughter, pulled out a handgun, cocked the gun, pointed it at and threatened to kill Ahmesha. Defendant then slapped Ahmesha. Subsequently, Ahmesha swore out a warrant against defendant and obtained a restraining order against defendant. On 19 August 2006, Ahmesha and her aunt were walking down Albemarle Road in Charlotte, North Carolina when defendant ran up to

Ahmesha, pointed a handgun at her, and shot Ahmesha three times. Due to the gunshot wounds Ahmesha sustained, she is permanently quadriplegic.

Defendant testified in his own defense. Defendant admitted to slapping Ahmesha on 3 August 2006. Defendant claimed that members of Ahmesha's family were threatening him and his family, and defendant was told that Ahmesha would not let him see his daughter. On 19 August 2007, defendant walked up to Ahmesha and asked her if he could see his daughter. Ahmesha told him "no" and he shot Ahmesha. Defendant stated that it was not his intent to shoot Ahmesha when he walked up to her. Keyo Carter also testified for the defense. Mr. Carter stated that, on 19 August 2006, he had been driving defendant around in his car; defendant saw Ahmesha walking down the street; defendant asked Mr. Carter to pull over in a parking lot; and defendant asked Mr. Carter to go talk to Ahmesha, which he did. After Mr. Carter returned to the car, they left the parking lot, but defendant asked Mr. Carter to pull into another parking lot and defendant exited the car to talk to Ahmesha. Mr. Carter did not see defendant shoot Ahmesha, but when defendant returned to the car he was distraught, crying, and hysterically telling Mr. Carter that he shot his baby's mother.

On 11 September 2006, defendant was indicted for attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. Defendant was tried on these charges at the 7 July 2008 Criminal Session of the Superior Court, Mecklenburg County, and a jury found defendant guilty of both charges. At sentencing, the trial court found mitigating factors and defendant stipulated to an aggravating factor. The trial court sentenced defendant as a Record Level III offender in the aggravated range to concurrent sentences of 276 to 341 months imprisonment for the attempted first degree murder and 145 to 183 months imprisonment for the assault with a deadly weapon with intent to kill inflicting serious injury. Defendant gave oral notice of appeal at trial.

In his only assignment of error brought forth on appeal, defendant contends that the trial court committed reversible error by not requiring the State to prove by a preponderance of the evidence that a prior conviction exists and that defendant is the same person as the offender named in the prior conviction. Specifically, defendant argues that the State did not provide sufficient proof of his 4 December 2006 conviction for assault by pointing a gun, which was included in defendant's prior record level calculation. Therefore,

defendant's prior record points were computed incorrectly, placing him in a higher prior record level.

When reviewing alleged errors in the computation of a defendant's prior record level "[o]ur standard of review is whether the sentence is supported by evidence introduced at the trial and sentencing hearing." *State v. Jeffery*, 167 N.C. App. 575, 578, 605 S.E.2d 672, 674 (2004) (citation, quotation marks, and brackets omitted). At sentencing "[t]he State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f) (2005). The State can meet its burden through any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

. . .

The original or a copy of the court records or a copy of the records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts, bearing the same name as that by which the offender is charged, is prima facie evidence that the offender named is the same person as the offender before the court, and that the facts set out in the record are true. For purposes of this subsection, "a copy" includes a paper writing containing a reproduction of a record maintained electronically on a computer or other data processing equipment, and a document produced by a facsimile machine. The prosecutor shall make all feasible efforts to obtain and present to the court the offender's full record. Evidence presented by either party at trial may be utilized to prove prior convictions . . . .

N.C. Gen. Stat. § 15A-1340.14(f).

At sentencing, defendant did not stipulate to his prior record level. The State presented to the trial court defendant's prior record level worksheet, a Division of Criminal Information ("DCI") report

and a print-out of an email from the prosecutor to defendant's prior counsel. Inserted into the email is a screen-shot from the Administrative Office of the Courts ("AOC") computerized criminal record system showing defendant's prior conviction for assault by pointing a gun in Mecklenburg County. This conviction was not included in the DCI report. Defense counsel did not contest the convictions on the DCI report but argued that defendant's prior conviction for assault reflected on the printed-out email should not be considered in calculating defendant's prior record level points.

In *State v. Rich*, 130 N.C. App. 113, 502 S.E.2d 49, *disc. review denied*, 349 N.C. 237, 516 S.E.2d 605 (1998), this Court addressed a similar issue. In *Rich*, the trial court, in determining the defendant's prior conviction level, considered an unverified computerized printout that contained "the heading 'DCI-Record' (Division of Criminal Information)[,] . . . a detailed description of defendant including his fingerprint identifier number and FBI number, and showed that defendant had been convicted of multiple offenses in North Carolina, New Jersey, and New York." *Id.* at 115, 502 S.E.2d at 51. The defendant argued that the trial court erred "by accepting the State's offer of 'an unverified computerized printout not under seal' to prove defendant's prior criminal convictions." *Id.* This Court noted that "the computerized printout was a detailed record of defendant's criminal history as maintained by the Division of Criminal Information." *Id.* at 116, 502 S.E.2d at 51. In affirming the trial court's consideration of the printout in calculating defendant's prior record level, this Court held that

> [a] 'copy', includes 'a paper writing containing a reproduction of a record maintained electronically on a computer or other data processing equipment . . . .' N.C. Gen. Stat. § 15A-1340.14(f). The computerized record contained sufficient identifying information with respect to defendant to give it the indicia of reliability. Thus, we believe use of the printout to prove defendant's prior convictions was proper under G.S. § 15A-1340.14(f)(3) and, in addition, under G.S. § 15A-1340.14(f)(4).

*Id.*

Here, as in *Rich*, the printed-out email contains a copy of the AOC record of the defendant's conviction. *Id.* The email printout contains defendant's name, date of birth, case number, charged offense, arrest date, location of arrest and the names of defendant's attorney and the victim. Defendant's name, address, and date of birth are confirmed by

**FIFTH THIRD MORTG. CO. v. MILLER**

[202 N.C. App. 757 (2010)]

warrants for defendant's arrest, the indictment, the trial court's orders included in the record and defendant's own testimony. Trial testimony regarding defendant's confrontation with Ahmesha on 3 August 2006 also verifies the victim and charged offense as listed on the printed-out email.

N.C. Gen. Stat. § 15A-1340.14(f) specifically provides that "a copy" can include "a paper writing containing a reproduction of a record maintained electronically on a computer[.]" We hold that the printed-out email, which contains a screenshot of the AOC record of the conviction, is "a copy" of a "record maintained electronically" by the Administrative Office of the Courts, which is sufficient to prove defendant's prior conviction under N.C. Gen. Stat. § 15A-1340.14(f)(3). In addition, the information contained in the printed-out email provides sufficient identifying information with respect to defendant to give it the indicia of reliability to prove defendant's prior convictions under N.C. Gen. Stat. § 15A-1340.14(f)(4); indeed, defendant does not argue that the email or screenshot is incorrect or inaccurate in any way. Therefore, the trial court did not err in considering defendant's prior convictions shown on the printed-out email and did not err in calculating defendant's prior conviction level.

NO ERROR.

Judges GEER and ERVIN concur.